ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ERNEST MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-044 |
| ) | |
| TIM FLOWERS, Parole Officer, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff initiated this case by filing a document entitled "Application for Court Order," in the United States District Court for the Middle District of Georgia, and he filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2). That court then opened a civil rights action pursuant to 42 U.S.C. § 1983, and transferred the case to this Court. (Doc. no. 4). On July 29, 2009, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e) & 1915A. A review of Plaintiff's "Application for Court Order" indicated Plaintiff actually was seeking relief pursuant to 28 U.S.C. § 2241, not 42 U.S.C. § 1983. (Doc. no. 7). In the July 29, 2009 Order, the Court noted its reluctance to re-characterize the complaint as a petition filed pursuant to § 2241 without providing any prior notification to Plaintiff, as a § 2241 petition is subject to certain restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Id.). Therefore, Plaintiff was directed to advise the Court, within fifteen (15) days of the

date of that Order, whether he intended to go forward with a petition pursuant to § 2241, or whether he would instead choose to voluntarily withdraw the instant complaint. (Id. at 3). Plaintiff failed to respond to the Court's July 29, 2009 Order.

On August 26, 2009, the Court afforded Plaintiff ten (10) additional days to comply with the Court's July 29, 2009 Order. (Doc. no. 8). Plaintiff was warned that, if he failed to comply with the July 29th Order after this ten-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 2). Plaintiff has not responded to the Court's Orders.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to indicate whether he intended to go forward with a petition pursuant to § 2241, or whether he would instead choose to voluntarily withdraw the instant complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is attempting proceeding IFP,[2] the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

---

[2]The transfer order directed that Plaintiff's motion to proceed IFP be transferred for further consideration by this Court. (Doc. no. 4, p. 2 n.1). Until Plaintiff specifies whether he seeks relief pursuant to 28 U.S.C. § 2241 not 42 U.S.C. § 1983 the Court cannot rule on the motion to proceed IFP. Accordingly, the motion should be denied without prejudice.

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP (doc. no. 2) be **DENIED** without prejudice, this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE